Haifeng Kang (pro se)
23342 Stirrup Dr
Diamond Bar, CA 91765
Telephone: (626) 545-8801
Email: dzhu062@gmail.com

**FEE PAID**



FILED

CLERK, U.S. DISTRICT COURT

2/23/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____GSA_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
**I/S**
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

|  |  |
|---|---|
| HAIFENG KANG,<br>Plaintiff,<br><br>v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION; and ADMINISTRATOR, U.S. SMALL BUSINESS ADMINISTRATION (official capacity),<br><br>Defendants. | Case No.: **2:26-cv-02271-MEMF-(BFMx)** |

**PETITION FOR JUDICIAL REVIEW OF FINAL AGENCY ACTION**
**AND**
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(Administrative Procedure Act, 5 U.S.C. §§ 701–706)

Plaintiff Haifeng Kang ("Plaintiff"), appearing in pro per, petitions this Court for judicial review of final agency action and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for judicial review of final agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, arising from

SBA's denial of loan forgiveness for Plaintiff's Paycheck Protection Program ("PPP") Loan No. 3616358210 (the "Loan").

2. Plaintiff seeks review of (a) SBA's Final Loan Review Decision dated October 31, 2025 denying forgiveness in any amount, and (b) SBA Office of Hearings and Appeals ("OHA") decisions affirming that denial and denying reconsideration (Decision No. PPP-3616358210 and Decision No. PFR-3616358210).

3. Plaintiff contends the challenged actions are arbitrary and capricious, contrary to law, and taken without observance of required procedure, including by disregarding OHA's August 1, 2025 decision finding Plaintiff had supplied the "missing" documents SBA demanded in the earlier April 8, 2025 denial, and by shifting to a new "material discrepancies" theory without meaningful notice and opportunity to respond.

4. Plaintiff seeks declaratory and injunctive relief, including vacatur and remand to SBA for lawful reconsideration consistent with governing law and the administrative record.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question).

6. The APA waives sovereign immunity for actions seeking relief other than money damages. 5 U.S.C. § 702.

7. The challenged SBA and OHA actions constitute "final agency action" within the meaning of 5 U.S.C. § 704 once OHA's decision becomes final (or the Administrator issues a final decision). 13 C.F.R. § 134.1211(d).

8. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in this District and the defendants are agencies/officers of the United States acting in their official capacities.

## III. PARTIES

9. Plaintiff Haifeng Kang is a natural person residing in Diamond Bar, California.

10. Defendant U.S. Small Business Administration ("SBA") is a federal agency responsible for administering the PPP and for making loan review and forgiveness determinations.

11. Defendant Administrator, U.S. Small Business Administration, is the head of SBA and is sued solely in the Administrator's official capacity.

## IV. ADMINISTRATIVE PROCEEDINGS AND EXHAUSTION

12. On August 5, 2020, Plaintiff applied for and received a first-draw PPP loan in the principal amount of $20,833.

13. On January 28, 2025, Plaintiff applied for loan forgiveness.

14. On April 8, 2025, SBA issued a Final Loan Review Decision denying forgiveness on the ground that required documentation was allegedly missing. (Exhibit A.)

15. On August 1, 2025, in Decision No. PFR-3616358210, OHA granted Plaintiff's petition for reconsideration and found that Plaintiff submitted all of the missing documents identified in SBA's April 8, 2025 decision, vacating OHA's prior denial. (Exhibit B.)

16. On August 5, 2025, OHA granted the appeal and remanded to SBA, explaining that SBA had not had the "new documents" at the time of its initial decision and that remand would provide SBA an opportunity to review the documents and, if appropriate, "rehabilitate its rationale" and reissue an FLRD. (Exhibit C.)

17. On October 31, 2025, SBA issued a new Final Loan Review Decision again denying forgiveness, now asserting "material discrepancies," including that Plaintiff provided no documentation to support a travel arrangement/reservation services business, that a 2020 Form 1040-X was "never filed," and that certain bank statements reflected an entity "TOP GOLDEN SERVICE INC." with no association on the tax return. (Exhibit D.)

18. Plaintiff timely appealed the October 31, 2025 FLRD to OHA. OHA issued a Notice and Order on November 13, 2025 establishing the briefing schedule and administrative record procedures. (Exhibit E.)

19. On January 5, 2026, OHA denied the appeal and affirmed SBA's October 31, 2025 FLRD; the decision is erroneously dated "January 5, 2025" on its face. (Exhibit F.)

20. On January 16, 2026, OHA denied Plaintiff's petition for reconsideration. The decision states it will become SBA's final decision 30 days after service absent Administrator review, and that once final it may be appealed to the appropriate federal district court. (Exhibit G.)

21. Plaintiff has exhausted administrative remedies as required by 13 C.F.R. § 134.1201(d) and seeks judicial review under the APA.

## V. FACTUAL ALLEGATIONS

22. SBA's April 8, 2025 denial asserted that documentation was "insufficient" and listed specific items SBA claimed were missing (including identification, tax returns and transcripts, a signed Form 4506-C, and bank statements). (Exhibit A.)

23. OHA's August 1, 2025 reconsideration decision found that Plaintiff submitted the missing documents identified in the April 8 denial, and vacated the prior adverse OHA decision. (Exhibit B.)

24. After remand, SBA issued the October 31, 2025 denial on a materially different rationale—"material discrepancies"—including assertions about the existence of the business, the filing status of the 2020 Form 1040-X, and characterization of bank statements. (Exhibit D.)

25. Plaintiff contends SBA's October 31, 2025 rationale rests on inaccurate factual premises, selective record review, and/or mischaracterization of evidence, and that SBA did not provide Plaintiff meaningful notice of the specific "material discrepancies" it would rely upon or an opportunity to clarify, cure, or rebut before issuing the adverse decision.

26. Plaintiff further contends that OHA's affirmance and denial of reconsideration adopted an overly broad view of SBA's post-remand authority, and failed to address core procedural defects, including the practical nullification of OHA's August 1, 2025 findings regarding document sufficiency. (Exhibits F–G.)

## VI. CLAIMS FOR RELIEF

Plaintiff brings the following claims under the APA, 5 U.S.C. § 706:

## COUNT I — APA (Arbitrary and Capricious), 5 U.S.C. § 706(2)(A)

27. Plaintiff realleges and incorporates paragraphs 1–26.

28. SBA's October 31, 2025 Final Loan Review Decision ("Oct. 31 FLRD") and OHA's affirmance are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). The Supreme Court has explained that an agency acts arbitrarily and capriciously where it has (a) relied on factors Congress did not intend it to consider, (b) entirely failed to consider an important aspect of the problem, (c) offered an explanation that runs counter to the evidence before the agency, or (d) offered an explanation so implausible that it cannot be ascribed to a difference in view or the product of agency expertise. Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). Applying these standards, Defendants' decisions are arbitrary and capricious because, among other reasons:

(a) Unexplained shift in rationale on remand. SBA's denial rationale shifted from "missing documentation" to a new "material discrepancies" theory after OHA's August 2025 adjudications, without acknowledging the change and without providing a reasoned explanation for departing from prior findings, the remand posture, and the record as a whole. When an agency changes position, it must at least "display awareness that it is changing position" and provide a reasoned explanation; it must also consider serious reliance interests. FCC v. Fox Television Stations, Inc., 556 U.S. 502, 515 (2009); Dep't of Homeland Sec. v. Regents of Univ. of Cal., 140 S. Ct. 1891, 1913–15 (2020); Encino Motorcars, LLC v. Navarro, 579 U.S. 211, 221–23 (2016).

(b) Failure to reconcile the remand record. SBA and OHA failed to reasonably reconcile the record materials submitted and considered on remand with the asserted "material discrepancies." Instead, they selectively relied on portions of the record while disregarding contrary evidence and explanations, a form of "cherry-picking" that violates State Farm's

requirement of reasoned decisionmaking. See State Farm, 463 U.S. at 43; see also Organized Village of Kake v. U.S. Dep't of Agric., 795 F.3d 956, 966–69 (9th Cir. 2015) (en banc) (agency must provide a reasoned explanation and cannot reverse course without confronting key findings and evidence).

(c) Lack of a contemporaneous, reasoned explanation. The Oct. 31 FLRD and the affirmance do not adequately explain why the alleged discrepancies are "material" under the governing PPP standards, do not address less drastic alternatives (such as clarification requests where feasible), and do not explain why the agency's conclusions follow from the evidence cited.

(d) Chenery / post hoc rationalizations. Judicial review must be confined to the grounds invoked by the agency at the time of the action; an agency action "cannot be upheld" on post hoc rationalizations or new reasons supplied later in litigation or on appeal. SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). To the extent OHA's affirmance supplied new or expanded rationales not fairly stated in the Oct. 31 FLRD, the affirmance does not cure the defects in SBA's decisionmaking and itself reflects arbitrary and capricious reasoning.

(e) Failure to engage with key issues raised by Plaintiff. The agency did not meaningfully address Plaintiff's arguments that the alleged "discrepancies" are the product of record-handling errors and misattribution of documents, or that Plaintiff previously submitted responsive documentation that OHA acknowledged in the August 2025 proceedings.

29. The challenged actions should be set aside under 5 U.S.C. § 706(2)(A).

COUNT II — APA (Without Observance of Procedure Required by Law), 5 U.S.C. § 706(2)(D)

30. Plaintiff realleges and incorporates paragraphs 1–29.

31. SBA's Oct. 31 FLRD was issued "without observance of procedure required by law" within the meaning of 5 U.S.C. § 706(2)(D). The APA requires that when an agency denies a written application, it must give "prompt notice" and a "brief statement of the grounds for denial." 5 U.S.C. § 555(e). In addition, the Fifth Amendment's Due Process Clause generally requires notice and "an opportunity to be heard at a meaningful time and in a

meaningful manner" before (or, where appropriate, promptly after) the Government deprives a person of significant property interests. Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

(a) Lack of meaningful notice of the decisive theory. SBA decided the matter on a new "material discrepancies" theory without providing Plaintiff meaningful advance notice of the specific discrepancy allegations and the evidence SBA considered dispositive (including allegations concerning the Form 1040-X, the existence and nature of the Schedule C business, and the attribution of bank statements), and without providing a fair opportunity to clarify, supplement, or cure perceived issues before issuance of a final, adverse decision.

(b) Opportunity-to-respond defect not cured by appellate review. OHA review is limited to the administrative record and does not substitute for the agency's obligation to provide a fair notice-and-response process where the agency can feasibly do so before taking final adverse action. See Loudermill, 470 U.S. at 545–46; Brock v. Roadway Express, Inc., 481 U.S. 252, 264–65 (1987).

(c) Failure to follow binding procedures. To the extent SBA and/or OHA departed from binding procedures in SBA's own PPP borrower-appeal framework (including the requirements that govern how issues are framed and decided in final loan review decisions and on appeal), such departure violates the Accardi principle that an agency must follow its own regulations. U.S. ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267–68 (1954); Service v. Dulles, 354 U.S. 363, 388 (1957); Vitarelli v. Seaton, 359 U.S. 535, 539–40 (1959); see also Alcaraz v. INS, 384 F.3d 1150, 1162 (9th Cir. 2004) (agency action is invalid where the agency fails to adhere to its own binding procedures and the failure prejudices the party).

32. The challenged actions were taken without observance of procedure required by law and should be set aside under 5 U.S.C. § 706(2)(D).

COUNT III — APA (Not in Accordance with Law / Excess of Authority), 5 U.S.C. § 706(2)(A), (C)

33. Plaintiff realleges and incorporates paragraphs 1–32.

34. Defendants' actions are "not in accordance with law" and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" within the meaning of 5 U.S.C. § 706(2)(A) and (C). SBA has adopted a specific adjudicative and finality framework for PPP borrower appeals in 13 C.F.R. Part 134, including provisions under which OHA decisions become final agency action absent timely Administrator review. See, e.g., 13 C.F.R. § 134.1211(b)–(d).

(a) Administrative finality and issue-preclusion principles. The Supreme Court has recognized that common-law preclusion principles may apply to administrative adjudications when an agency acts in a judicial capacity and resolves disputed issues after the parties have had an adequate opportunity to litigate. United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966). The Court has also reaffirmed a presumption favoring administrative preclusion absent a clear indication that Congress intended otherwise. Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107–08 (1991). Issue preclusion applies where the ordinary elements are met and Congress has not displaced it. B&B Hardware, Inc. v. Hargis Indus., Inc., 575 U.S. 138, 148–54 (2015). The Government may be bound by issue preclusion when the elements are satisfied. Montana v. United States, 440 U.S. 147, 153–55 (1979); United States v. Stauffer Chem. Co., 464 U.S. 165, 170–73 (1984). The Ninth Circuit likewise recognizes preclusive effect for administrative adjudications meeting these criteria. Miller v. County of Santa Cruz, 39 F.3d 1030, 1032–33 (9th Cir. 1994).

(b) Ultra vires collateral re-denial outside the Part 134 finality scheme. Plaintiff contends that OHA's August 2025 adjudications in this same loan matter finally determined key issues (including the disposition of the prior denial and the sufficiency of responsive submissions to the then-stated "missing documentation" basis), and that those determinations became final agency action absent timely Administrator review. By issuing (and then affirming) a later adverse action that effectively nullified binding adjudicative findings outside the Administrator-review mechanism, SBA acted ultra vires and contrary to the finality scheme in 13 C.F.R. Part 134.

(c) Undermining finality and permitting serial collateral attacks. Allowing

SBA to re-deny the same loan through serial final loan review decisions, without invoking the prescribed review/reopening procedures and without a reasoned explanation for disregarding prior adjudicative determinations, undermines the regulatory finality framework and offends core principles of finality. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) (final judgments are binding even if later viewed as erroneous).

35. The challenged actions are therefore not in accordance with law and/or in excess of statutory or regulatory authority, and should be set aside under 5 U.S.C. § 706(2)(A) and (C).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the challenged actions are unlawful under the APA;

B. Vacate SBA's October 31, 2025 Final Loan Review Decision and OHA's decisions affirming that denial and denying reconsideration;

C. Remand this matter to SBA for further proceedings consistent with law and this Court's order;

D. Order Defendants to lodge the certified administrative record;

E. Award Plaintiff his costs of suit as allowed by law; and

F. Grant such other and further relief as the Court deems just and proper.

Dated: 02/23/2026

/s/ Haifeng Kang

Haifeng Kang, Plaintiff pro se

Haifeng Kang (pro se)
23342 Stirrup Dr
Diamond Bar, CA 91765
Telephone: (626) 545-8801
Email: dzhu062@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

## DECLARATION OF HAIFENG KANG

I, Haifeng Kang, declare:

1. I am the Plaintiff in this action and make this declaration based on my personal knowledge and review of the agency decisions and record documents attached as Exhibits A–G. If called as a witness, I could and would testify competently to the matters stated herein.

2. The documents attached as Exhibits A–G are true and correct copies of records I received from SBA/OHA or that are contained in the administrative record for PPP Loan No. 3616358210.

3. Exhibit A is SBA's Final Loan Review Decision dated April 8, 2025.

4. Exhibit B is OHA's Decision Granting Petition for Reconsideration and Vacating Prior Decision (Decision No. PFR-3616358210) dated August 1, 2025.

5. Exhibit C is OHA's Decision Granting Appeal and Remanding to SBA (Decision No. PPP-3616358210) dated August 5, 2025.

6. Exhibit D is SBA's Final Loan Review Decision dated October 31, 2025.

7. Exhibit E is OHA's Notice and Order dated November 13, 2025.

8. Exhibit F is OHA's Decision Denying Appeal (Decision No. PPP-3616358210), issued January 5, 2026 and erroneously dated January 5, 2025 on its face.

9. Exhibit G is OHA's Decision on Petition for Reconsideration (Decision No. PFR-3616358210) dated January 16, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 02/23/2026, at Diamond Bar, California.


/s/ Haifeng Kang

Haifeng Kang

Haifeng Kang (pro se)
23342 Stirrup Dr
Diamond Bar, CA 91765
Telephone: (626) 545-8801
Email: dzhu062@gmail.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

**EXHIBIT LIST**

Exhibit A: SBA Final Loan Review Decision (Apr. 8, 2025).

Exhibit B: OHA Decision Granting Petition for Reconsideration and Vacating Prior Decision, Decision No. PFR-3616358210 (Aug. 1, 2025).

Exhibit C: OHA Decision Granting Appeal and Remanding to SBA, Decision No. PPP-3616358210 (Aug. 5, 2025).

Exhibit D: SBA Final Loan Review Decision (Oct. 31, 2025).

Exhibit E: OHA Notice and Order, Docket No. PPP-3616358210 (Nov. 13, 2025).

Exhibit F: OHA Decision Denying Appeal, Decision No. PPP-3616358210 (issued Jan. 5, 2026; erroneously dated Jan. 5, 2025).

Exhibit G: OHA Decision on Petition for Reconsideration (Final OHA Decision), Decision No. PFR-3616358210 (Jan. 16, 2026).

# EXHIBIT A

SBA Final Loan Review Decision (Apr. 8, 2025)

<<< Attach exhibit PDF behind this cover page >>>



**SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416**

04/08/2025

VIA FORGIVENESS PLATFORM

Michele Vervlied

Customers Bank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
 Borrower: Haifeng Kang
 SBA Loan No.: 3616358210
 Approved Loan Amount: $20,833.00
 Loan Approval Date: 08/05/2020
 Lender Forgiveness Decision Submission Date: 01/30/2025
 Lender Forgiveness Decision Amount: $0.00
 SBA Final Forgiveness Amount: $ 0.00

## Dear: Michele Vervlied

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) loan.  Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan review decision.

---

**After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported.**

**The SBA requested the following information to calculate the origination amount, determine the borrower's eligibility, and/or support forgiveness; however, the documentation was not submitted:**

**\*Valid (unexpired) Picture ID for all principals (Driver's License or State ID Card)**
**\*Full filed and signed business tax returns for tax years 2019, 2020 and 2021**
**\*Business IRS transcript of account for tax years 2019 and 2020**
**\*Business IRS transcript for tax year 2021**
**\*Signed Business 4506-C**
**\*Bank Statements: 1 month prior to disbursement, all months of the covered period, and 1 month after covered period. 3 months total of bank statements**
**\*1099s if applicable**

**\*Filed copy of the DBA documentation or Secretary of State filing (if the borrower owns a business)**
**\*Business License (if the borrower owns a business)**

---

Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate. Additional details regarding the forgiveness payment amount (if any) will be provided in a Notice of Paycheck Protection Program Forgiveness Payment.

Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the borrower.

You must continue to service the loan. You must notify the borrower that the remaining balance of the loan after application of the forgiveness payment (if any) must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment is due and the amount of the borrower's regular payment. As set forth below, if the borrower files a timely appeal with SBA's Office of Hearings and Appeals (OHA), the deferment period of the loan will be extended pursuant to 13 CFR § 134.1211.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Borrower Appeals of Final SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq.*, including but not limited to the following:

- An appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after the borrower's receipt of the final SBA loan review decision. 13 CFR § 134.1202(a). To file and manage an appeal of a final SBA loan review decision with OHA, refer to Office of Hearings and Appeals.
- Borrower must include, among other things, a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1204(a).
- Borrower must provide you (the lender) with a copy of the timely appeal petition filed with OHA so that you can extend the deferment period of the loan. 13 CFR § 134.1202(b).
- An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1201(d).

Thank you for your cooperation.

Sincerely,

Office of Capital Access
U.S. Small Business Administration

**EXHIBIT B**

OHA Decision Granting Petition for Reconsideration and Vacating Prior Decision (Aug. 1, 2025)

<<< Attach exhibit PDF behind this cover page >>>

**EXHIBIT C**

OHA Decision Granting Appeal and Remanding to SBA (Aug. 5, 2025)

<<< Attach exhibit PDF behind this cover page >>>

**United States Small Business Administration**
**Office of Hearings and Appeals**

PAYCHECK PROTECTION
PROGRAM APPEAL OF:

HAIFENG KANG

     Appellant

Appealed from
SBA PPP Loan Number
3616358210

Issued: August 5, 2025

Decision No. PPP-3616358210

APPEARANCES

    For Appellant: Haifeng Kang, Borrower, Pro Se[1]

    For Small Business Administration: Victor Nunez Arco, Attorney, Office of General Counsel

DECISION

I. Introduction and Jurisdiction

    On April 8, 2025, HAIFENG KANG (Appellant) received the Final Loan Review Decision (FLRD) finding his documentation insufficient to determine if the Paycheck Protection Program (PPP) loan was eligible, was calculated correctly, and/or whether forgiveness was supported. On April 28, 2025, Appellant filed the instant appeal from that FLRD. Appellant argues that the FLRD is clearly erroneous, requests that OHA reverse it, and find him eligible for PPP loan forgiveness. For the reasons discussed infra, I grant the appeal and remand the FLRD.

    OHA conducts PPP appeals under the authority of 13 C.F.R. part 134 Subpart L.

II. Background

A. Paycheck Protection Program

    The PPP was a temporary SBA 7(a) Loan Program designed to provide emergency assistance to certain small businesses during the COVID-19 crisis, for the purposes of helping businesses keep their workers paid and employed.

---

[1] The record reflects that John Zhong (Zhong), Appellant's tax preparer, prepared and signed the appeal petition. See AR 92; OHA Portal: Appeal Letter. Pursuant to 13 C.F.R. § 134.208, only the Appellant or an attorney may represent the party. On July 10, 2025, OHA issued Order to Show Cause as Zhong does not have standing to bring the appeal nor represent Appellant. On July 15, 2025, Appellant filed a response, affirming the appeal petition and stating that Zhong was not his attorney or representing him in these proceedings. OHA Portal: Answer to Show Cause. Rather, Appellant is representing himself. As such, Appellant showed good cause for the appeal to proceed.

1

PPP was established under section 1102 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act (Pub. L. 116–136), which was signed into law on March 27, 2020, and subsequently was revised and expanded by other statutes. In general, PPP was open to all American small businesses, including sole proprietorships, independent contractors, and self-employed individuals. 15 U.S.C. § 636(a)(36)(D). Under PPP, borrowers obtain loans through an SBA-approved lender, rather than from SBA itself, and the lender services the  PPP loan.

### B.  Appellant's Loan and Forgiveness Application

On August 5, 2020, Appellant applied for a First Draw PPP loan, requesting a loan of $20,833, based on average monthly payroll of $8,334 and one employee. AR 78 - 83.

On August 5, 2020, Appellant executed a promissory note with Customers Bank (Lender). AR 13 - 18.

On January 28, 2025, Appellant applied for full forgiveness of the loan. In applying for forgiveness, Appellant understood that he was to retain all records necessary to prove compliance with PPP rules for four years for employment records and for three years for all other records. AR 84. Further, he acknowledged that:

> SBA may request additional information for the purposes of evaluating the Borrower's eligibility for the PPP loan and for loan forgiveness, and the Borrower's failure to provide  information requested by SBA may result in a determination that the Borrower was ineligible for the PPP loan or in denial of the Borrower's loan forgiveness application.

Id.

On January 31, 2025, SBA informed Appellant through Lender that it was undertaking review of the loan and requested additional documentation. AR 69 - 70. Starting February 13, 2025, SBA requested more documentation, identifying the specific documents it wanted. AR 71 - 77.

### C.  Final SBA Loan Review Decision

On April 8, 2025, SBA issued the following FLRD:

> After review of the forgiveness submission, the SBA concludes that the documentation provided is insufficient to determine if the PPP loan was eligible, was calculated correctly and/or whether forgiveness is supported. The SBA requested the following information to calculate the origination amount, determine the borrower's eligibility, and/or support forgiveness; however, the documentation was not submitted:
>
> *Valid (unexpired) Picture ID for all principals (Driver's License or State ID Card)
> *Full filed and signed business tax returns for tax years 2019,

2

2020 and 2021
*Business IRS transcript of account for tax years 2019 and 2020
*Business IRS transcript for tax year 2021
*Signed Business 4506-C
*Bank Statements: 1 month prior to disbursement, all months of the covered period, and 1 month after covered period. 3 months total of bank statements
*1099s if applicable
*Filed copy of the DBA documentation or Secretary of State filing (if the borrower owns a business)
*Business License (if the borrower owns a business)

AR 11 - 12.

## D. Appeal

Appellant argues that he submitted all required documents. As evidence, Appellant also uploaded "all previously submitted documents again" to the OHA Portal.  OHA Portal: Appeal Letter.

On May 5, 2025, OHA issued a Notice and Order.

On June 2, 2025, OHA filed the Administrative Record.

On July 23, 2025, OHA issued an initial decision, denying the appeal and affirming the FLRD.

On July 28, 2025, Appellant filed a petition for reconsideration, including additional documents for review.   See Reconsideration Packecomp.pdf.

On August 1, 2025, OHA granted Appellant's petition for reconsideration and issued Order Vacating Decision Issued on July 23, 2025.

## III.    Discussion

## A. Standard of Review

Appellant has the burden of proving all elements of the appeal. Specifically, Appellant must prove that the FLRD is based upon a clear error of fact or law. 13 C.F.R. § 134.1210.

## B. Analysis

At issue is whether Appellant submitted adequate documentation to determine if the PPP loan was eligible, was calculated correctly, and/or whether forgiveness is supported.  Upon review, I find Appellant showed that the FLRD was clearly erroneous.

The FLRD identified the following missing documents:

*Valid (unexpired) Picture ID for all principals (Driver's License or State ID Card)
*Full filed and signed business tax returns for tax years 2019, 2020 and

3

2021
*Business IRS transcript of account for tax years 2019 and 2020
*Business IRS transcript for tax year 2021
*Signed Business 4506-C
*Bank Statements: 1 month prior to disbursement, all months of the covered period, and 1 month after covered period. 3 months total of bank statements
*1099s if applicable
*Filed copy of the DBA documentation or Secretary of State filing (if the borrower owns a business)
*Business License (if the borrower owns a business)

AR 11 - 12.

On reconsideration, Appellant filed additional documents. Upon review, Appellant submitted all the missing documents identified in SBA's FLRD. See Reconsideration Packecomp.pdf. Through the filing of these documents, Appellant showed that OHA's initial decision was clearly erroneous.

Reversal of the FLRD is not warranted. SBA's initial FLRD was not arbitrary and capricious - it did not have these new documents until after the appeal was filed. Through this remand, SBA is provided an opportunity to "rehabilitate its rationale" and reissue the FLRD upon review of the new documents. Comcast Corp. v. FCC, 579 F.3d 1, 9 (D.C. Cir. 2009).

C. <u>Conclusion</u>

Appellant has the burden of proving all elements of the appeal. Specifically, Appellant must prove that the FLRD is based upon a clear error of fact or law. 13 C.F.R. § 134.1210.  With the recently filed documents, Appellant established that the FLRD is based on a clear error. I grant the appeal and remand the FLRD. This is an initial agency decision. However, unless a request for reconsideration is filed pursuant to 13 C.F.R. § 134.1211(c) on the OHA Case Portal at *https://appeals.sba.gov* within 10 calendar days after service of the Judge's decision, this decision shall become the final decision of SBA 30 calendar days after its service. 13 C.F.R.§ 134.1211.

Christa L. Zamora -S

Digitally signed by Christa L. Zamora -S
Date: 2025.08.05 07:49:41 -07'00'

CHRISTA ZAMORA
Administrative Law Judge

4

**EXHIBIT D**

SBA Final Loan Review Decision (Oct. 31, 2025)

<<< Attach exhibit PDF behind this cover page >>>



**SMALL BUSINESS ADMINISTRATION**
**WASHINGTON, DC 20416**

10/31/2025

VIA FORGIVENESS PLATFORM

Michele Vervlied

Customers Bank

Re: PAYCHECK PROTECTION PROGRAM FINAL SBA LOAN REVIEW DECISION
    Borrower: Haifeng Kang
    SBA Loan No.: 3616358210
    Approved Loan Amount: $20,833.00
    Loan Approval Date: 08/05/2020
    Lender Forgiveness Decision Submission Date: 01/30/2025
    Lender Forgiveness Decision Amount: $0.00
    SBA Final Forgiveness Amount: $ 0.00

## Dear: Michele Vervlied

The U.S. Small Business Administration (SBA) has completed its review of the above-referenced Paycheck Protection Program (PPP) loan. Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances, SBA has made a final SBA loan review decision.

---

**SBA has determined that the borrower was ineligible for the PPP loan amount. The reason(s) for SBA's decision is as follows:**

**After a review of the documentation provided, the SBA concludes that there are material discrepancies which cause the borrower to be ineligible for the PPP loan.**
**Specifically, the borrower applied via 2483 on 8/5/2020. In support the borrower provided a 2019 Sch C stating a Principal business of "Travel arrangement and reservation services". However, there is no documentation to support such a business. Further, the 2020 1040-X, Amended U.S. Individual Income Tax Return reports Adjusted gross Income of (-31,294). It was signed 7/13/2021. However, the IRS Account Transcript with a Response date of 4/22/2025, shows no Amended Tax Return filed.**
**In addition, the borrower supplied bank statements for the period of May 2019 to December 2019 for the entity TOP GOLDEN SERVICE INC; yet the 2019 Tax Return shows no association with the entity.**

---

Based on the above stated reason(s), SBA has determined that forgiveness in the amount of $0.00 is appropriate. Additional details regarding the forgiveness payment amount (if any) will be provided in a Notice of Paycheck Protection Program Forgiveness Payment.

Within 5 business days of the date of this letter, you must provide a copy of this final SBA loan review decision to the borrower.

You must continue to service the loan. You must notify the borrower that the remaining balance of the loan after application of the forgiveness payment (if any) must be repaid on or before the maturity date. The notification must include the date on which the first principal and interest payment is due and the amount of the borrower's regular payment. As set forth below, if the borrower files a timely appeal with SBA's Office of Hearings and Appeals (OHA), the deferment period of the loan will be extended pursuant to 13 CFR § 134.1211.

Pursuant to 13 CFR § 134.1201(b), the borrower has the right to appeal to SBA's Office of Hearings and Appeals a final SBA loan review decision that the borrower:

1. was ineligible for a PPP loan;
2. was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;
3. is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or
4. is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

Any appeal must be made in accordance with the SBA Rules of Practice for Borrower Appeals of Final SBA Loan Review Decisions Under the Paycheck Protection Program, located at 13 CFR § 134.1201, *et seq.*, including but not limited to the following:

- An appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after the borrower's receipt of the final SBA loan review decision. 13 CFR § 134.1202(a). To file and manage an appeal of a final SBA loan review decision with OHA, refer to Office of Hearings and Appeals.
- Borrower must include, among other things, a copy of this final SBA loan review decision with its appeal. 13 CFR § 134.1204(a).
- Borrower must provide you (the lender) with a copy of the timely appeal petition filed with OHA so that you can extend the deferment period of the loan. 13 CFR § 134.1202(b).
- An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court. 13 CFR § 134.1201(d).

Thank you for your cooperation.

Sincerely,

Office of Capital Access
U.S. Small Business Administration

**EXHIBIT E**

OHA Notice and Order (Nov. 13, 2025)

<<< Attach exhibit PDF behind this cover page >>>

**United States Small Business Administration**
**Office of Hearings and Appeals**

---

PAYCHECK PROTECTION
PROGRAM APPEAL OF:

haifeng kang

      Appellant

Appealed from
SBA PPP Loan Number
3616358210

Issued: November 13, 2025

Docket No. PPP-3616358210

---

<u>NOTICE AND ORDER</u>

The U.S. Small Business Administration (SBA) Office of Hearings and Appeals (OHA) hereby notifies all currently known parties that it received an appeal petition in the above-captioned matter from haifeng kang (Appellant or Haifeng Kang) on November 6, 2025. OHA conducts Paycheck Protection Program (PPP) appeals under the authority of 13 C.F.R. part 134 Subpart L.

## I. <u>Administrative Record</u>

SBA shall file the Administrative Record with OHA electronically, via the OHA Case Portal, no later than **December 3, 2025**. The Administrative Record must include all non-privileged, relevant documents that SBA considered in making its final loan review decision or that were before SBA at the time of the final loan review decision. See 13 C.F.R. § 134.1207.

## II. <u>Objection to Administrative Record</u>

Haifeng Kang shall file and serve, on or before **December 15, 2025**, any objections it has to the absence of any document in the Administrative Record. See 13 C.F.R. § 134.1207(e). Any objection not filed by this date will be deemed waived, regardless of any agreements between the parties.

Haifeng Kang may object to the absence of a document previously submitted to, or sent by, SBA, which Haifeng Kang believes was erroneously omitted from the Administrative Record. *Id.* An objection to an incomplete Administrative Record must include either a copy or a detailed description of the missing document or other information Haifeng Kang believes is missing, and why Haifeng Kang believes the Administrative Record should include it.

## III. <u>Appeal Response</u>

SBA may, but is not required to, file a response to this appeal. If SBA files a response to this appeal, it must be filed by no later than **December 29, 2025**, which is the close of record. If SBA elects not to respond, such

election shall not be interpreted as an admission or waiver of any allegation of law or fact. In addition, after review of the appeal petition, OHA may request SBA to respond. Only SBA may respond. If filed, the response should set forth the relevant facts and legal arguments to the issues presented on appeal. *See* 13 C.F.R. § 134.1208.

## IV. **Filing and Service Instructions**

A party seeking to file and serve any pleading or other submission must do so by utilizing the OHA Case Portal at https://appeals.sba.gov. A filing received by OHA after 11:59 p.m. eastern time is considered filed on the next business day. See 13 C.F.R. §§ 134.204(b)(2) and 134.1202.

## V. **PPP Loan Deferment**

Haifeng Kang must provide their lender with a copy of the appeal to extend the deferment period of the PPP loan until OHA's decision becomes final. See 13 C.F.R. § 134.1202(b).

James C. Plott -S
Digitally signed by James C. Plott -S
Date: 2025.11.13 10:00:38 -07'00'

JAMES PLOTT
Administrative Law Judge

**EXHIBIT F**

OHA Decision Denying Appeal (Jan. 5, 2026; erroneously dated Jan. 5, 2025)

<<< Attach exhibit PDF behind this cover page >>>

**United States Small Business Administration**
**Office of Hearings and Appeals**

PAYCHECK PROTECTION
PROGRAM APPEAL OF:

haifeng kang

      Appellant

Appealed from
SBA PPP Loan Number
3616358210

Issued: January 5, 2025

Decision No. PPP-3616358210

APPEARANCES

    Haifeng Kang, pro se.

    Victor Nunez Arco, Esq., Agency Representative,
U.S. Small Business Administration.

DECISION

I. Introduction and Jurisdiction

    On October 30, 2025, Appellant/Borrower Haifeng Kang received the final loan review decision finding Appellant ineligible for the PPP loan amount. On November 6, 2025, Appellant filed the instant appeal from that final SBA loan review decision. Appellant argues that the final SBA loan review decision is clearly erroneous, and requests that OHA reverse it, and find Appellant is eligible for PPP loan forgiveness. For the reasons discussed infra, I DENY the appeal and AFFIRM the final SBA loan review decision.

    OHA conducts Paycheck Protection Program (PPP) appeals under the authority of 13 C.F.R. part 134 Subpart L.

II. Background

    On August 5, 2020, Appellant applied for the instant first-draw PPP loan as an eligible self-employed individual claiming an average monthly payroll of $8,334. (R. at 82).

    On August 5, 2020, the instant loan of $20,833 was disbursed. (R. at 93).

    On January 28, 2025, Appellant applied for loan forgiveness. (R. at 88).

    On January 31, 2025, SBA determined to review this loan. (R. at 73).

A. Final SBA Loan Review Decision

On October 30, 2025, Appellant received the final loan review decision finding Appellant ineligible for the PPP loan amount.

In its decision, SBA found that there are material discrepancies which cause the borrower to be ineligible for loan forgiveness, namely, an amended 2020 form 1040-X was never filed with the IRS, and Appellant supplied no documentation supporting the existence of a travel arrangement and reservation service business. (R. at 13).

B. Appeal

On November 6, 2025, Appellant filed the instant appeal arguing the final SBA loan review decision is clearly erroneous. Appellant argues that (1) SBA lacks the authority to issue a new adverse determination; (2) SBA did not consider Appellant's tax year 2020 form 1040-X; (3) SBA erroneously concluded that Appellant's 2019 bank statements for "Top Golden Service Inc." are not related to Appellant's travel business; and (4) SBA has acted arbitrarily and capriciously by failing to reconcile the entire record and neglecting to provide an opportunity for Appellant to respond to SBA's decision. (Appeal at 1-4).

Appellant filed a supplemental brief concerning administrative res judicata on November 6, 2025. Without leave, Appellant filed a reply brief on December 8, 2025. I will address all of Appellant's arguments below.

III. Discussion

A. Standard of Review

Appellant has the burden of proving all elements of the appeal. Specifically, Appellant must prove that the final SBA loan review decision is based upon a clear error of fact or law. 13 C.F.R. § 134.1210.

B. Analysis

At issue in this appeal are the material discrepancies identified by SBA in its final loan review decision dated October 31, 2025, that cause Appellant to be ineligible for the loan amount. (R. at 13).

At the time that Appellant applied for this loan, federal regulations explained:

> How do I calculate the maximum amount I can borrow and what documentation is required?
>
> . . .
>
> Regardless of whether you have filed a 2019 tax return with the IRS, you must provide the 2019 Form 1040 Schedule C with your PPP loan application to substantiate the applied-for PPP loan amount and a 2019 IRS Form 1099-MISC detailing nonemployee compensation received (box 7), invoice, bank statement, or

> book of record that establishes you are self-employed. You must provide a 2020 invoice, bank statement, or book of record to establish you were in operation on or around February 15, 2020.

85 Fed. Reg. 21747, 21749 (Apr. 20, 2020).

Appellant provided a 2019 schedule C showing $6,592 in net profit from self-employment providing personal services. (R. at 681). But Appellant claimed an average monthly payroll of $8,334 on his loan application form, and Appellant attested "that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects." (R. at 82-83). Appellant's attestation is not supported by his 2019 schedule C. This is a material discrepancy.

Appellant also provided a form 1040-X for calendar year 2020 showing a net profit of $24,079 on line 31 of the schedule C for a trucking service. (R. at 694). The 2020 1040-X is dated July 13, 2021. (R. at 690). Appellant's IRS account transcript dated July 28, 2025, shows that no amended return was filed in July of 2021. (R. at 726-727). Appellant's IRS account transcript dated April 22, 2025, shows that Appellant filed one tax year 2020 return on May 3, 2021, and that no amended 1040-X was filed. (R. at 728-729). Appellant has not produced his May 3, 2021, full filed federal tax return. *See generally* Admin R. The only conclusion that can be reached is that the 2020 form 1040-X that Appellant provided to SBA was never filed with the IRS. Again, this is a material discrepancy created by Appellant.

Appellant simultaneously asserts that the Top Golden Service Inc. bank statements "clearly correspond to the same business activities reflected on Appellant's 2019 and 2020 tax filings," and also that they are wrongly identified and do not belong to Appellant. (Appeal at 3). Appellant explains that

> the bank subsequently resubmitted an incorrect set of bank statements belonging to Top Golden Service Inc., which may have been mistakenly associated with the Appellant's account. This clerical or administrative error directly led to the adverse decision now under review. The Appellant clarifies that Top Golden Service Inc. is owned separately and was likely wrongly identified or provided to the lender in prior communications.
>
> . . .
>
> To correct the record and ensure a fair review, the Appellant now resubmits the correct bank statements covering the 2019 tax year. These statements align with the Appellant's 2019 Schedule C tax filing, which accurately reports the principal business activity as Trucking Services under NAICS Code 484120, not Travel Arrangement and Reservation Services as

misclassified by SBA.

(Appeal at 3). Appellant's reply brief states that "the bank statements for the sole proprietorship were previously provided . . . Any later reliance by SBA on bank statements associated with a different entity name reflects an error in what the lender re-submitted or what SBA evaluated." (Reply at 2). Based on Appellant's reply brief, I understand that Appellant denies that the Top Golden Service Inc. bank statements in the record belong to Appellant, so I am disregarding the Top Golden Service Inc. bank statements. (Appeal at 3; Reply at 2).

Turning to Appellant's personal bank statements for January to March 2020, Appellant received multiple deposits from Rainbow Massage Spa and made two counter deposits totaling $3,500 in January; Appellant received one Rainbow Massage Spa deposit on February 19, 2020, and in March he received a Zelle payment from Aiyu Jiang. (R. at 653-664). Appellant provided a 2019 IRS form 1099 for his trucking business, but Appellant states that he did not receive any 2020 forms 1099. (R. at 581). Appellant points to his counter deposits as proof that he was earning income. (Appeal at 3). But the documentation does not support that Appellant was self-employed on February 15, 2020, because these deposits are not tied to any business or self-employment income that was reported to the IRS. *Cf.* 15 U.S.C. § 636(a)(36)(T).

To resolve the Appellant's eligibility and the material discrepancies raised by Appellant's documentation, SBA requested additional documentation from Appellant. (R. at 73-81). This included Appellant's full filed and signed federal tax returns for 2019-2021. (R. at 80). Appellant continued to submit documentation to SBA through his prior appeal and petition for reconsideration. (R. at 588). I conclude that Appellant has had adequate due process in contesting SBA's final loan review decision.

However, as noted above, the 2020 tax return that Appellant supplied is in conflict with Appellant's IRS tax account transcripts. Additionally, a closer look shows that Appellant has not shown that he was self-employed on or about February 15, 2020.

Appellant complains that some kind of administrative res judicata applies here. Appellant is incorrect. The prior decision from OHA explains that the whole case was remanded to SBA to review the additional documentation supplied by Appellant on appeal; SBA did so. (R. at 592). There is no 30-day window for SBA to review a loan on remand from OHA. SBA considered Appellant's new evidence and issued a new final loan review decision. This is the process that Appellant was due. I would add that SBA has plenary authority to review loans in furtherance of program integrity. 15 U.S.C. § 634(b)(11); 15 U.S.C. § 636m(l)(1)(E).

Appellant complains that SBA did not consider Appellant's tax year 2020 form 1040-X. To the contrary, SBA clearly considered the tax year form 1040-X supplied by Appellant, and SBA concluded that it was never filed with the IRS. (R. at 13).

Appellant complains that SBA erroneously concluded that Appellant's 2019 bank statements for "Top Golden Service Inc." are related to Appellant's travel business. (Appeal at 2-3). As explained above, I have not considered the

"Top Golden Service Inc." bank statements because Appellant's reply brief states that they are not his bank statements. (Reply at 2).

Appellant complains that SBA has acted arbitrarily and capriciously by failing to reconcile the entire record and neglecting to provide an opportunity for Appellant to respond to SBA's decision. To the contrary, this administrative record shows that SBA closely evaluated Appellant's conflicting documentation and made the best decision available to it.

Finally, Appellant's certification that his loan application was true and correct in all material respects does not appear to be accurate. Appellant's failure to produce his actually-filed tax year 2020 form 1040 and supply the 1099s that would have been provided if his bank deposits were actually business income are fatal to Appellant's loan forgiveness application. *See* 15 U.S.C. § 636m(f). There are material discrepancies in the data provided by Appellant that cause Appellant to be ineligible for this loan or loan amount. Appellant has not borne his burden of proof on appeal.

## C. Conclusion

Appellant has not established that the final SBA loan review decision is based on a clear error. I DENY the appeal and AFFIRM the final SBA loan review decision. This is an initial agency decision. However, unless a request for reconsideration is filed pursuant to 13 C.F.R. § 134.1211(c) on the OHA Case Portal at *https://appeals.sba.gov* within 10 calendar days after service of the Judge's decision, this decision shall become the final decision of SBA 30 calendar days after its service. 13 C.F.R. § 134.1211.

_____

JAMES PLOTT
Administrative Law Judge

**EXHIBIT G**

OHA Decision on Petition for Reconsideration (Jan. 16, 2026)

<<< Attach exhibit PDF behind this cover page >>>

**United States Small Business Administration**
**Office of Hearings and Appeals**

PETITION FOR
RECONSIDERATION:

   Haifeng Kang

Petitioner

Appealed from
SBA PPP Loan Number
3616358210

Decided: January 16, 2026

Decision No. PFR-3616358210

APPEARANCES

Haifeng Kang, pro se.

Victor Nunez Arco, Esq., Agency Representative,
U.S. Small Business Administration.

**DECISION ON PETITION FOR RECONSIDERATION**

I. Introduction and Jurisdiction

On January 7, 2026, the U.S. Small Business Administration (SBA) Office of Hearings and Appeals (OHA) received a petition for reconsideration (PFR) in the above-captioned matter from Petitioner/Appellant Haifeng Kang. The PFR seeks OHA's reconsideration pertaining to a Paycheck Protection Program (PPP) Loan No. 3616358210 and OHA's initial decision, denying the appeal of the same PPP Loan No. 3616358210.

OHA has jurisdiction to decide this PFR. *See* 13 C.F.R. Part 134, Subpart L.

II. Background

On August 5, 2020, Petitioner applied for the instant first-draw PPP loan as an eligible self-employed individual claiming an average monthly payroll of $8,334. (R. at 82).

On August 5, 2020, the instant loan of $20,833 was disbursed. (R. at 93).

On January 28, 2025, Petitioner applied for loan forgiveness. (R. at 88).

On January 31, 2025, SBA determined to review this loan. (R. at 73).

On November 6, 2025, Petitioner filed an appeal of the final loan review decision. I entered an initial decision on January 5, 2026, which was

erroneously dated January 5, 2025, and Petitioner filed a timely petition for reconsideration.

### III. Discussion

### A. Standard of Review

"The request for reconsideration must clearly show an error of fact or law material to the decision." 13 C.F.R. § 134.1211(c)(1). "A PFR does not allow an unsuccessful party an additional opportunity to argue its position, and the PFR must rise from a manifest error of law or mistake of fact." *Size Appeal of: Red Orange North America, Inc.*, SBA No. SIZ-6136, 2021 WL 6334959 at *3 (citation omitted).

### B. Analysis

SBA's final loan review decision found material discrepancies in Petitioner's documentation, including a 2020 form 1040-X that was never filed with the IRS, and SBA found that Petitioner supplied no documentation supporting the existence of a travel arrangement and reservation service business. (R. at 13).

In the underlying appeal, I upheld SBA's final loan review decision because Petitioner erroneously certified "that the information provided in this [loan] application and the information provided in all supporting documents and forms is true and accurate in all material respects." (R. at 82-83).

Among other problems, Petitioner claimed an average monthly payroll of $8,334 on his loan application form. But Petitioner provided a 2019 schedule C showing $6,592 in net profit from self-employment providing personal services. (R. at 681). Petitioner's claimed average monthly payroll on his loan application is not supported by his 2019 schedule C.

Additionally, Petitioner provided a form 1040-X for calendar year 2020 showing a net profit of $24,079 on line 31 of the schedule C for a trucking service. (R. at 694). The 2020 1040-X is dated July 13, 2021. (R. at 690). Petitioner's IRS account transcript dated July 28, 2025, shows that no amended return was filed in July of 2021. (R. at 726-727). Petitioner's IRS account transcript dated April 22, 2025, shows that Petitioner filed one tax year 2020 return on May 3, 2021, and that no amended form 1040-X was filed. (R. at 728-729).

A separate basis for denial of loan forgiveness arises from Petitioner's failure to produce his May 3, 2021, full filed federal tax return. *See* 15 U.S.C. § 636m(f). The 2020 form 1040-X that Petitioner provided to SBA was never filed with the IRS. This is a material discrepancy created by Haifeng Kang that he never explained.

I also considered Haifeng Kang's personal bank statements for January to March 2020. Petitioner received multiple deposits from Rainbow Massage Spa and made two counter deposits totaling $3,500 in January; Petitioner received one Rainbow Massage Spa deposit on February 19, 2020, and in March he received a Zelle payment from Aiyu Jiang. (R. at 653-664).

Petitioner provided a 2019 IRS form 1099 for his trucking business, but Petitioner states that he did not receive any 2020 forms 1099. (R. at 581). Petitioner pointed to his counter deposits as proof that he was earning income. (Appeal at 3). But the documentation does not support that Petitioner was self-employed on February 15, 2020, because these deposits were not tied to any business or self-employment income that was reported to the IRS, i.e., no 1099 was issued to Haifeng Kang in 2020, meaning he had no self-employment wages in 2020. *Cf*. 15 U.S.C. § 636(a)(36)(T).

To resolve Haifeng Kang's eligibility and the material discrepancies in Petitioner's documentation, SBA requested additional documentation from Petitioner. (R. at 73-81). This included Petitioner's full filed and signed federal tax returns for 2019-2021. (R. at 80). Although Petitioner continued to submit documentation to SBA throughout his prior appeal, he never supplied his full filed original returns or showed that his purported amended returns were actually filed. (R. at 588).

As I explained in my initial decision, the 2020 tax return that Petitioner supplied is in conflict with his IRS tax account transcript. Additionally, Petitioner was not self-employed on or about February 15, 2020, as required by statute. 15 U.S.C. § 636(a)(36)(T). Petitioner's certification that his loan application was true and correct in all material respects was inaccurate. Petitioner's failure to produce his actually-filed tax year 2020 form 1040 and 1099s that would have been provided if his bank deposits were actually business income are fatal to Petitioner's loan forgiveness application. *See* 15 U.S.C. § 636m(f). And there are material discrepancies in the documentation supplied by Haifeng Kang that caused him to be ineligible for his PPP loan. Petitioner did not carry his burden of proof on appeal.

On petition for reconsideration, Petitioner again asserts that some kind of administrative issue or claim preclusion exists here. It does not. SBA previously found that Petitioner failed to supply adequate documentation to SBA. A decision dated August 5, 2025, after a petition for reconsideration was granted, explained that SBA would be provided an opportunity to rehabilitate its rationale for its final loan review decision after reviewing the documentation supplied by the appellant. (R. at 592). The case was remanded back to SBA. Issue or claim preclusion requires a valid final judgment. There was no final decision to which administrative issue preclusion or res judicata could attach. Additionally, this argument was made and rejected in the underlying appeal, and merely reasserting the same argument previously rejected is not proper in a petition for reconsideration. *See Size Appeal of: Red Orange North America, Inc*. at *3.

Petitioner again complains about the adequacy of process that he received: "Appellant was not afforded a meaningful opportunity to address the alleged discrepancies before the adverse determination issued." (PFR at 3). Petitioner was required to contest the material discrepancies identified by SBA in the underlying appeal. *See* 13 C.F.R. § 134.1204(a). Petitioner did not contest his false certifications, material discrepancies, and failure to provide accurate documentation in the underlying appeal, and he cannot do so now. *See* 13 C.F.R. §§ 134.1204(a)(2) and 134.1211(c)(1).

Finally, the petition for reconsideration correctly states that "the record may contain an incorrect Schedule C or that the administrative record does not accurately reflect the documents used to support the original loan calculation." (PFR at 4-5). The record does not support Haifeng Kang's original loan calculation precisely because the documents supplied by Petitioner contain material discrepancies, and these discrepancies are discussed *supra*. Petitioner has not shown clear error in the initial decision.

## C. Conclusion

For the foregoing reasons, the instant petition for reconsideration is DENIED. 13 C.F.R. § 134.1211(c). Unless the SBA Administrator, solely within her discretion, elects to review and/or reverse this decision per 13 C.F.R. § 134.1211(d), this decision will become the SBA's final decision 30 calendar days after it is served. *See* 13 C.F.R. § 134.1211(b). The discretionary authority of the Administrator to review and/or reverse a decision does not create any additional rights of appeal on the part of an appellant not otherwise specified in SBA regulations in this chapter. *See id.* Once the OHA decision becomes final or the Administrator issues a final decision, the final decision may be appealed to the appropriate Federal district court. 13 C.F.R. § 134.1211(d). This decision is non-precedential but may be published. 13 C.F.R. § 134.1211(e) and (f).

_____

JAMES PLOTT
Administrative Law Judge